UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNA MILLET,

      Plaintiff,

  v.

SELIP & STYLIANOU LLP, et al.,

      Defendants.

15-CV-773
DECISION & ORDER

---

On April 7, 2015, the plaintiff, Jenna Millet, commenced this action in the City Court of Buffalo, New York, under the Fair Debt Collection Act ("FDCA"), 15 U.S.C. §§ 1692-1292p. *See* Docket Item 1 at 16. The defendants, Selip & Stylianou, LLP, Mitchell Selip, David Cohen, and Mitchell Slamowitz (collectively, "S & S"), removed the action to this Court on August 28, 2015, Docket Item 1, and answered the complaint on November 2, 2015, Docket Item 4.

On May 27, 2016, the defendants moved to dismiss this action for insufficient service of process. Docket Item 21. Millet responded on May 31, 2016, Docket Item 26; and the defendants replied on June 15, 2016, Docket Item 30. The case was reassigned to this Court on April 12, 2016, following the retirement of Hon. John T. Curtin. *See* Docket Item 15.

This Court has carefully and thoroughly reviewed the record in this case and the materials submitted by the parties. Based on that review, the Court denies the defendants' motion.

## BACKGROUND

The complaint tells the following story. On July 2, 2009, S & S, on behalf of its client "Midland Funding LLC DBA in New York as Midland Funding of Delaware, LLC" ("Midland"), filed a debt collection lawsuit against Millet in Buffalo City Court. *See* Docket Item 1 at 8-9. On February 22, 2010, the court entered judgment in favor of Midland. Docket Item 1 at 9. Midland was "a legally non-existent entity without authority to do business in New York or to be a plaintiff in a New York action," and the court therefore "never had subject matter jurisdiction" over the debt collection action, rendering the judgment against Millet "void." *Id.* at 11. Millet first became aware of the debt collection action and judgment on April 9, 2014, when she received an income execution issued by S & S on behalf of Midland. *Id.* at 9, 13.

On April 7, 2015, Millet filed a suit for damages under the FDCA in Buffalo City Court. *See* Docket Item 1 at 16. The defendants removed the action to this Court on August 28, 2015, Docket Item 1, and answered the complaint on November 2, 2015, Docket Item 4. In their answer, the defendants raised the defense of untimely service. *See id.* at 7.

On May 27, 2016, the defendants moved to dismiss this action under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. Docket Item 21. They asserted that the summons and complaint were served on each of the named defendants on August 17, 2015—132 days after Millet commenced the action in city court and therefore beyond the 120-day time limit prescribed by N.Y. C.P.L.R. § 306-b. *Id.* at 2. They also asserted that the action itself was filed long after the one-year statute of limitations for FDCA claims. Docket Item 22 at 12-13. Millet

2

acknowledges the untimeliness of service but urges this Court to exercise its discretion in favor of allowing the case to proceed on its merits. Docket Item at 28 at 8.

## **DISCUSSION**

In considering a motion to dismiss for insufficient service in cases removed to federal court and where service was attempted only before removal, the propriety of service is determined by reference to state law. *See* Fed. R. Civ. P. 81(c) (providing that the federal rules "apply to a civil action *after* it is removed from a state court" (emphasis added)); *see also G.G.G. Pizza, Inc. v. Domino's Pizza, Inc.*, 67 F. Supp. 2d 99, 102 (E.D.N.Y. 1999) ("[W]hile state law governs the sufficiency of service of process before removal, Rule 4(m) . . . applies to removed cases after the date of removal." (citations omitted)). In New York, the time allowed for service of process is governed by C.P.L.R. § 306-b, which provides:

> Service of the summons and complaint . . . shall be made within one hundred twenty days after the commencement of the action or proceeding . . . . If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.

C.P.L.R. § 306-b.[1]

---

[1] At the time this action was filed, Rule 4(m) of the Federal Rules of Civil Procedure similarly provided:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend time for service for an appropriate period.

3

Removal of an action to federal court "does not automatically restart the clock for timely service or keep a district court from considering a plaintiff's previous delays in effecting service. Nor does it waive any Rule 12(b) defenses, including sufficiency of service." *Consiglio v. Ward Trucking, LLC*, 2012 WL 4498895, at *1 (E.D.N.Y. Sept. 27, 2012) (citations omitted). Rather, under the removal statute:

> In all cases removed from any [s]tate court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

When presented with a Rule 12(b)(5) motion to dismiss based on untimely service occurring prior to removal, this Court therefore has the discretion either to dismiss the action without prejudice or to extend the time for service, weighing "the impact that a dismissal or extension would have on the parties." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007). Dismissal is appropriate "if service is not made upon a defendant within 120 days after filing of the complaint, . . . unless good cause for the failure to serve is shown." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) (citation omitted).

In this case, there is no dispute that counsel's failure was the cause of Millet's service of process twelve days after expiration of the 120-day period, and Millet does not advance any reason to excuse her counsel's lack of diligence. *See* Docket Item at 28 at 8. Instead, Millet urges this Court to exercise its discretion in favor of extending

---

Fed. R. Civ. P. 4(m). Rule 4(m) was amended effective December 1, 2015, reducing the time for service from 120 to 90 days.

4

the time within which to perfect service. *See id.* In this regard, the Second Circuit has interpreted Rule 4(m) "to give courts both the discretion to grant extensions of the period of service even where no good cause has been shown and, in the absence of good cause, to deny such extensions—that is, a court 'may grant an extension . . . but is not required to do so.'" *Harper v. City of New York*, 424 F. App'x 36, 39 (2d Cir. 2011) (summary order) (alteration in original) (quoting *Zapata*, 502 F.3d at 197).

In determining whether a discretionary extension is appropriate in the absence of good cause, courts weigh the following four factors:

> (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendants attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending [the] plaintiff's time for service.

*DeLuca*, 695 F. Supp. 2d at 66. "[D]istrict courts [must] decide on the facts of each case how to weigh the prejudice to the defendant that arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." *Zapata*, 502 F.3d at 198.

The second and fourth factors weigh in favor of S & S, though not decidedly so. The parties agree that the one-year statute of limitations for bringing an action under the FDCA would bar the refiling of those claims, *see* 15 U.S.C. § 1692(a), and "[i]t is obvious that any defendant would be harmed by a generous extension of the service period beyond the limitations period for the action, especially if the defendant had no actual notice of the existence of the complaint until the service period had expired," *Zapata*, 502 F.3d at 198. Also weighing in favor of S & S is the undisputed fact that Millet is at fault for the untimely service. "[I]n the absence of good cause, no weighing

5

of the prejudices between the two parties can ignore that the situation is the result of the plaintiff's neglect." *Id.* Thus, because service indisputably was 12 days late and because there is no argument that S & S otherwise had actual notice of this action, the second and fourth factors favor S & S. Nevertheless, because the *Zapata* court was concerned about a "generous" extension and here service was only 12 days late, these factors do not decisively tip the scale toward S & S.

On the other hand, the first and fourth factors weigh in favor of Millet. With respect to the first factor, Millet unquestionably would be prejudiced by dismissal, as the limitations period has expired. Ordinarily, "the fact that the statute of limitations has run on a plaintiff's claim [i]s a factor favoring the plaintiff in a [service extension] analysis." *AIG Managed Mkt. Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000). Also weighing in Millet's favor is the Second Circuit's preference for resolving disputes on their merits. *See, e.g.*, *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) (acknowledging the court's "oft-stated preference for resolving disputes on the merits"); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (noting "a strong preference for resolving disputes on the merits").

And with respect to the third factor, S & S's delay in filing its motion to dismiss gives rise to a strong inference that S & S did not act in good faith and may, at least in effect if not by intention, have acted to conceal the defect in service. On the same day that Millet commenced this action against S & S in Buffalo City Court, she also commenced an action against Midland. No. 15-CV-857 Docket Item 1. Midland removed the matter to this Court on September 22, 2015. *Id.* But instead of answering the complaint, it immediately moved, on November 18, 2015, to dismiss the action for

insufficient service of process. No. 15-CV-857 Docket Item 8. Judge Curtin granted that motion on March 11, 2016. No 15-CV-857 Docket Item 15. In his decision and order, Judge Curtin specifically noted that because the instant matter, in which "[Millet] ha[d] asserted identical claims for relief under the FDCA . . . based on the same facts alleged in the [Midland] complaint," also was "pending" before him, granting Midland's motion to dismiss would not deprive Millet of all avenues for relief. *Id.* at 6. Rather, she still could seek relief in this action. As a result, the first time extension factor— "consideration of the effect of the applicable limitations periods"— did "not tip the balance decidedly in favor of the granting a discretionary extension of the time for proper service" in the Midland action. *Id.* at 7.

Two months later, S & S moved to dismiss this action on the exact same grounds previously cited by Midland. Docket Item 21. S & S offers no reason for its delay. *See* Docket Item 30. On the contrary, S & S actively participated in the matter during the nearly seven months between its answer and motion to dismiss. Before moving to dismiss, S & S (i) participated in a pre-trial conference with Judge Curtin on January 20, 2016, Docket Item 10, and (ii) moved to opt out of alternative dispute resolution on February 19, 2016, Docket Item 12. "A delay in challenging personal jurisdiction by motion to dismiss has resulted in [forfeiture], even where, as here, the defense was asserted in a timely answer." *Datskow v. Teledyne, Inc., Cont'l Prod. Div.*, 899 F.2d 1298, 1300, 1303 (2d Cir. 1990) (finding defense forfeited where the defendant alleged the affirmative defense of improper service in its answer but then "attended a conference with a magistrate at which scheduling of discovery and motions was discussed" and participated in settlement discussions with the plaintiff without raising

7

the issue of service until four months after filing its answer). Even if the seven-month delay in this case does not amount to forfeiture, it certainly weighs against S & S for purposes of deciding whether to extend the time for service. That is particularly so given that Judge Curtin relied upon S & S's failure to move to dismiss in terminating the related action against Midland.

On balance, these factors weigh in favor of granting Millet an extension of time for service. In the end, both sides' attorneys failed to act with the diligence expected of counsel, and the Court will not ignore one side's negligence to the significant detriment of the other. The defendants' motion to dismiss is denied.

## **ORDER**

In light of the above,

IT IS HEREBY ORDERED that the defendants' motion to dismiss for insufficient service of process, Docket Item 21, is DENIED; and it is further

ORDERED that under 28 U.S.C. § 636(b)(1)(A) and (B), all pre-trial matters in this case are referred to United States Magistrate Judge Michael J. Roemer, including but not limited to: (1) conduct of a scheduling conference and entry of a scheduling order pursuant to Fed. R. Civ. P. 16, (2) hearing and disposition of all non-dispositive motions or applications, (3) supervision of discovery, and (4) supervision of all procedural matters involving the aforementioned or involving the preparation of the case or any matter therein for consideration by the undersigned; and it is further

ORDERED that under 28 U.S.C. § 636(b)(1)(B) and (C), Judge Roemer shall hear and report upon dispositive motions for the consideration of the undersigned. All motions or applications shall be filed with the Clerk of Court and made returnable before

Judge Roemer. The parties are encouraged to consider the provisions of 28 U.S.C. § 636(c) governing consent to either partial or complete disposition of the case, including trial if necessary, by Judge Roemer. Consent forms are available from the office of Judge Roemer or the office of the Clerk of Court.

SO ORDERED.

Dated: February 28, 2020
Buffalo, New York

*s/Lawrence J. Vilardo*

Lawrence J. Vilardo
United States District Judge