UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNA MILLET,

            Plaintiff,

v.

SELIP & STYLIANOU LLP, *et al.*

            Defendants.

---

15-CV-00773-LJV-MJR

REPORT AND RECOMMENDATION

## INTRODUCTION

This case has been referred to the undersigned pursuant to Section 636(b)(1) of Title 28 of the United States Code, by the Honorable Lawrence J. Vilardo, for all pre-trial matters, including hearing and reporting on dispositive motions. (Dkt. No. 41). For the following reasons, the Court recommends that the case be dismissed with prejudice for failure to prosecute.

## BACKGROUND and PROCEDURAL HISTORY

On April 7, 2015, plaintiff Jenna Millet ("plaintiff") commenced this action in City Court of Buffalo, New York under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and state law. (Dkt. No. 1). Defendants Selip & Stylianou LLP, f/k/a Cohen & Slamowitz LLP, Mitchell Selip, David Cohen, and Mitchel Slamowitz ("defendants") subsequently removed the action to this Court pursuant to 28 U.S.C. § 1441 and § 1367(a). (*Id.*). Plaintiff alleges that defendants engaged in false, deceptive, or misleading debt collection activity in violation of 15 U.S.C. § 1692e and § 1692j, and deceptive act and practices under NY CLS Gen Bus § 349. (*Id.*).

Defendants filed an answer to the complaint and a counterclaim on November 2, 2014. (Dkt. No. 4). On May 27, 2016, the defendants moved to dismiss this action for insufficient service of process. (Dkt. No. 21). Judge Vilardo denied defendants' motion and referred the matter to this Court for pretrial supervision. (Dkt. Nos. 40, 41).

On March 15, 2020, defendants filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 46). The Court then issued a scheduling notice which set deadlines for plaintiff's response by May 8, 2020, defendants' replies by May 29, 2020, and a hearing to be held on June 17, 2020. Plaintiff failed to submit a timely response to the motion for judgment on the pleadings.[1]

On June 7, 2020, the Court issued a text order instructing plaintiff to show cause, in writing, by July 8, 2020, why defendants' motion for judgment on the pleadings should not be granted. The order warned that plaintiff's failure to timely respond may result in dismissal of this case, with prejudice. (Dkt. No. 49). Plaintiff has provided no response to the Court's order.

On July 28, 2020, the Court issued another text order directing plaintiff to show cause as to why this action should not be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (Dkt. No. 51). The Court set a deadline of August 11, 2020, which plaintiff failed to meet.

---

[1] On May 28, 2020, defense counsel filed a letter advising the Court that counsel of record for the plaintiff, Mitchell Pashkin, has recently abandoned many actions he has filed under the FDCPA in the United States District Court for the Eastern District of New York. (Dkt. No. 48). The Court has not undertaken an independent review of the cases cited by defendants and bases its recommendation herein on the events of this case only.

2

## DISCUSSION

At this time, the Court determines that the case should be involuntarily dismissed for want of prosecution. Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." See Fed. R. Civ. P. 41. Rule 41 does not impose any negative implication restricting involuntary dismissal to motion by defendant. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962), *reh'g denied*, 371 U.S. 873 (1962). The District Court has the power to dismiss for failure to prosecute, on its own motion. *West v. Gilbert*, 361 F.2d 314, 316 (2d Cir. 1966).

Failure to prosecute can "evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). The Second Circuit has outlined several factors courts must consider before dismissing a lawsuit for failure to prosecute. *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). These factors include: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less dramatic than dismissal." *Id.* at 535.

Here, plaintiff, who is represented by counsel, has taken no affirmative action to move this case forward since filing a response and reply to the previous motion to dismiss in June 2016. She has failed to provide any opposition to defendant's motion for judgment

3

on the pleadings filed on March 15, 2020. Plaintiff has also ignored two orders of this Court's directing her to respond to defendant's motion and to show cause why the action should not be dismissed. Plaintiff's approximately five-month period of seemingly deliberate inaction on the pending motion supports dismissal of the case. *See Brown v. General Nutrition Cos.*, 356 Fed. Appx. 482, 486 (2d Cir. 2009) (a "four-month delay cannot be said to be of insignificant duration"); *Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d. Cir. 2008) (dismissal for failure to prosecute affirmed where plaintiff's inaction caused a delay of over seven months); *Chira v. Lockhead Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (dismissal proper under Rule 41(b) when plaintiff failed to take any action to move his case to trial during a six-month period); *Peters-Turnbull v. Bd. Of Educ.*, 96 Civ. 4914, 1999 U.S. Dist. LEXIS 16079 (SDNY Oct. 18, 1999) (a delay of somewhere between five and ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.").

As to the second factor, plaintiff has been warned by this Court's that her failure to comply may result in dismissal of his lawsuit. Specifically, a text order entered June 7, 2020 directed plaintiff to show cause why the motion for judgment on the pleading should not be granted and warned that failure to respond could result in dismissal. The Court issued a second text order on July 28, 2020, warning plaintiff that dismissal of her case for failure to prosecute was likely if she did not contact the Court on or before August 11, 2020. Thus, it cannot be said that plaintiff has not been adequately warned that failure to act would result in dismissal of her claims. *See Lyell Theatre*, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned that dismissal for failure to prosecute

4

was possible); *Ruzsa*, 520 F.3d at 177-78 (dismissal of action for failure to prosecute affirmed where plaintiff was notified that "further delay will result in dismissal.").

The third factor requires the Court to consider whether plaintiff's inaction has resulted in prejudice to defendants. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where the delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre*, 682 F.2d at 43 (internal citations omitted). Here, plaintiff has created unreasonable delay by failing to take any action for approximately five months. Therefore, prejudice may be presumed. Further, plaintiff's delay could result in actual prejudice to defendants. Lapses in time compromise witnesses' availability and their ability to accurately recall the pertinent events. Delays also may affect the preservation of evidence.

The fourth factor requires the Court to balance calendar congestion and plaintiff's right to present her case. The Second Circuit cautions that "a court must not let its zeal for a tidy calendar overcome its duty to justice." *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968). However, plaintiff here has not been denied her due process rights. Both the delay and potential dismissal are of her own making. Plaintiff was afforded opportunities to further her case and to respond to defendant's for judgment on the pleadings. She did not do so. Indeed, plaintiff's own failure to litigate this matter cannot be construed as the denial of the right to present her case. *See Dodson v. Runyon*, 957 F.Supp. 465, 470 (SDNY 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making."). Accordingly, this factor also weighs in favor of dismissal.

Lastly, it is unlikely that lesser sanctions would be effective here. Plaintiff has ignored all briefing deadlines and orders in this case for approximately months. Her lack of engagement in this case, indicate that plaintiff is not interested in moving her case forward. *See Ruza,* 520 F.3d 176, 177 ("in light of [plaintiff's] failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case"); *Smith v. Human Resources Admin.*, 91 Civ. 2295, 2000 U.S. Dist. LEXIS 5373 (SDNY March 27, 2000) (finding sanctions short of dismissal inappropriate where "court orders and direction have not prompted plaintiff to move her case forward"); *Alevizopoulos & Assoc. v. Comcast Int'l Holdings, Inc.*, 99 Civ. 9311; 2000 U.S. Dist. LEXIS 16154 (SDNY Nov. 8, 2000) (finding lesser sanction to be inappropriate where plaintiff repeatedly failed to abide by the court's orders and noting that "[a] court need not beg a party to comply with its orders" and that plaintiff's "failure to respond to [the motion] demonstrates that he has lost interest in this case.").

The Court also finds that defendants' pending motion for judgment on the pleadings is moot in light of this recommendation for dismissal on other grounds.

## CONCLUSION

For the foregoing reasons, the Court recommends that this case be dismissed with prejudice based on involuntary dismissal for failure to prosecute.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby **ORDERED** that this Report and Recommendation be filed with the Clerk of Court.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a),

and 6(d) of the Federal Rules of Civil Procedure, and W.D.N.Y. L. R. Civ. P. 72. Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report and Recommendation WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.*** See Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988).

*Finally, the parties are reminded that, pursuant to W.D.N.Y. L.R.Civ.P. 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."* ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED.**

DATED:   August 12, 2020
         Buffalo, New York

                                              /s/ Michael J. Roemer
                                              HONORABLE MICHAEL J. ROEMER
                                              United States Magistrate Judge